CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

CHARLES F. BISESTO (CABN 271353)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6405
FAX: (415) 436-7234
Charles.Bisesto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO ABAN-BENITEZ,<br><br>Defendant. | CASE NO. 5:23-CR-00123-002 EJD<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: June 1, 2026<br>Time: 1:30 p.m.<br>The Honorable Edward J. Davila |

## I. INTRODUCTION

On February 9, 2026, Ernesto Aban-Benitez pleaded guilty to Count Two of the Indictment, charging him with distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). PSR ¶¶ 1, 3; Dkt. 163. The offense conduct was serious. Aban-Benitez supplied approximately 496 grams of methamphetamine and 27.6 grams of cocaine for a controlled purchase in Gilroy, California, then personally entered the buyer's vehicle and completed the transaction. PSR ¶¶ 12-14.

At the same time, a below Guidelines sentence is appropriate given Aban-Benitez's narrower role, lack of prior criminal convictions, and mitigating personal history. He participated in a single controlled transaction, has no criminal history points, and has maintained steady employment despite limited education and financial resources. PSR ¶¶ 12-14, 29-32, 52, 54-60. Probation likewise

recommends a 24-month sentence, a variance below the advisory Guidelines range of 37 to 46 months. PSR Sentencing Recommendation at 1-2.

The government therefore recommends a sentence of 24 months, followed by a term of supervised release with the conditions recommended by Probation. That sentence recognizes the seriousness of distributing significant quantities of methamphetamine and cocaine, accounts for Aban-Benitez's limited role in a single transaction, reflects his lack of prior criminal convictions and his personal history, and is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

## II. FACTS

In August 2021, Department of Homeland Security agents met with a confidential source in San Jose, California, who reported that he could obtain cocaine from an individual known as "Nufo." PSR ¶ 11. Agents later identified "Nufo" as Arnulfo Benitez, obtained a search warrant for Arnulfo's Snapchat account, and reviewed account materials that included a video depicting a white brick next to a white powdery substance. *Id.* Agents also identified Arnulfo's residence in Salinas, California, and confirmed his phone number. *Id.*

On July 1, 2022, agents organized a controlled purchase from Arnulfo of approximately 38.2 grams of cocaine for $1,000 and approximately 560.9 grams of methamphetamine for $2,500. PSR ¶ 12. Before the transaction, Arnulfo told the confidential source during a recorded call that the sale would occur through his cousin. *Id.* Arnulfo then met the confidential source in a Target parking lot in Gilroy, entered the confidential source's vehicle, and placed a recorded call to another male, later identified as Aban-Benitez, who was the source of the drugs. *Id.* During that call, Arnulfo asked Aban-Benitez about his location and timing. *Id.*

At approximately 5:10 p.m., agents observed a tan four-door Mitsubishi sedan arrive in the area. PSR ¶ 13. Aban-Benitez exited the Mitsubishi, entered the confidential source's vehicle, and completed the drug exchange. *Id.* According to the confidential source, Aban-Benitez was the supplier of the cocaine and methamphetamine. *Id.*

Laboratory testing later confirmed that the cocaine had a net weight of 27.6 grams and a purity of approximately 90 percent. PSR ¶ 14. Laboratory testing also confirmed that the methamphetamine had a net weight of 496 grams and a purity of approximately 95 percent. *Id.* As reflected in the PSR,

although the tested methamphetamine was high purity, the lab results suggested there was still some other substance in the product. *Id.*

Aban-Benitez admitted these facts in his plea agreement. He admitted that, on July 1, 2022, he aided and abetted Arnulfo Benitez's illegal distribution of methamphetamine and cocaine by supplying him with the drugs in advance of the drug deal and then assisting with the transaction. Dkt. 163. He further admitted that he acquired the methamphetamine and cocaine from a third party, traveled with the drugs to the Target parking lot in Gilroy, entered the buyer's car, showed the drugs to the buyer, received the $3,500 in cash from Arnulfo, and handed the buyer approximately 27 grams of cocaine and approximately 496 grams of methamphetamine. *Id*.

After his arrest, Aban-Benitez was released on a $15,000 unsecured bond with Pretrial Services supervision, location monitoring, and a curfew. PSR ¶ 5. The Court later removed location monitoring and curfew. *Id.* Pretrial Services filed a violation memorandum in February 2025 alleging that Aban-Benitez missed a drug test, and no further action was recommended. *Id.* In September 2025, Pretrial Services filed another violation memorandum alleging that Aban-Benitez tested positive for cocaine; the Court admonished him to comply with his release conditions. *Id.* Probation reports that, after the September 2025 positive test, Aban-Benitez continued to test negative for illegal substances. PSR ¶ 51.

## III. SENTENCING GUIDELINES CALCULATIONS

The parties and Probation agree on the relevant Guidelines framework. In the plea agreement, the parties agreed to a base offense level of 28 under U.S.S.G. § 2D1.1(c)(6), a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and a two-level reduction under U.S.S.G. § 4C1.1 for zero-point offenders, resulting in an adjusted offense level of 23 before any safety-valve reduction. Dkt. 163 ¶ 7; PSR ¶ 4. The parties also agree that a two-level reduction under U.S.S.G. § 2D1.1(b)(18) is appropriate as Aban-Benitez has satisfied the requirements of U.S.S.G. § 5C1.2. Dkt. 163 ¶ 7; PSR ¶¶ 4, 20, 24. His total offense level is therefore 21. PSR ¶ 28.

Aban-Benitez has no prior criminal convictions, has zero criminal history points, and falls in Criminal History Category I. PSR ¶¶ 30-32. A total offense level of 21 and Criminal History Category I results in an advisory Guidelines range of 37 to 46 months. PSR ¶ 63.

Although Count Two carries a statutory mandatory minimum term of 10 years, Aban-Benitez

meets the safety-valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. PSR ¶¶ 62-63. The Court therefore may impose sentence without regard to the otherwise applicable statutory minimum. *Id.*

## IV. APPLICABLE LAW

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, deter others from committing similar crimes, protect the public from the defendant, and rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Section 3553 sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *Carty,* 520 F.3d at 991. The Guidelines should be the starting point and the initial benchmark. *Gall v. United States*, 552 U.S. 38, 49 (2007). Though the guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States,* 551 U.S. 338, 350 (2007).

## V. RECOMMENDED SENTENCE

The government recommends a sentence of 24 months. That recommendation is consistent with the parties' plea agreement, consistent with Probation's recommendation, and sufficient but not greater than necessary under 18 U.S.C. § 3553(a). Dkt. 163 ¶ 16; PSR Sentencing Recommendation at 1-2.

The government does not minimize the seriousness of Aban-Benitez's conduct. This was a significant drug transaction involving dangerous controlled substances. Methamphetamine and cocaine harm individuals, fuel addiction, and create broader risks for families and communities. Aban-Benitez was not merely present for the July 1, 2022 transaction. He supplied the methamphetamine and cocaine, traveled to the deal location, entered the buyer's vehicle, received the drug proceeds, and handed the drugs to the buyer. PSR ¶¶ 12-14. In total, he was responsible for approximately 496 grams of methamphetamine and 27.6 grams of cocaine. PSR ¶¶ 14, 19. That is a substantial quantity of methamphetamine, and Aban-Benitez's role as the supplier made the transaction possible. A custodial sentence is therefore necessary to reflect the seriousness of the offense, promote respect for the law,

provide just punishment, and deter others from supplying significant quantities of drugs for distribution.

At the same time, several case-specific factors support the recommended 24-month sentence rather than a sentence within the advisory Guidelines range. Aban-Benitez's offense conduct was limited to the July 1, 2022 transaction. PSR ¶¶ 12-14, 19. Aban-Benitez also has no prior criminal convictions and falls in Criminal History Category I. PSR ¶¶ 30-32. He qualifies for the zero-point offender reduction under U.S.S.G. § 4C1.1, and he qualifies for safety-valve relief, permitting the Court to sentence him below the statutory mandatory minimum. PSR ¶¶ 25, 62-63. Those factors do not erase the seriousness of the offense, but they do place Aban-Benitez in a different sentencing posture than a defendant with a more serious criminal history or a broader trafficking role.

The Court may also consider Aban-Benitez's personal history and characteristics. He completed only six years of school in Mexico, stopped attending school at age 12 after his father died, and began working in agriculture to help support his family. PSR ¶¶ 39, 52. In the United States, he has worked as a field worker and house painter, earning an honest wage. PSR ¶¶ 54-57. Probation identified his employment history, limited educational background, and loss of his father as factors that could warrant a sentence outside the advisory Guidelines system. PSR ¶ 84. He has also accepted responsibility by pleading guilty, and fully admitting his role in the offense. PSR ¶¶ 3, 17; Dkt. 163 ¶ 2.

For these reasons, a sentence of 24 months is sufficient but not greater than necessary. It imposes a meaningful custodial sanction for supplying nearly half a kilogram of methamphetamine and cocaine for distribution, while accounting for Aban-Benitez's narrower role, lack of criminal history, safety-valve eligibility, work history, personal background, and acceptance of responsibility.

//

//

//

## VI. CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court adopt the Guidelines calculation set forth in the PSR and the parties' plea agreement, and sentence defendant Ernesto Aban-Benitez to 24 months' imprisonment, followed by a term of supervised release with the conditions recommended by Probation.

DATED: May 25, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Charles F. Bisesto*
CHARLES F. BISESTO
Assistant United States Attorney